# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

MATTHEW J. SILVA,

    Plaintiff(s),

v.

STATE OF NEVADA, et al.,

    Defendant(s).

Case No.: 2:16-cv-00348-RFB-NJK

**ORDER**

Pending before the Court is the notice that this case may be dismissed for lack of service pursuant to Rule 4(m) of the Federal Rules of Civil Procedure. Docket No. 26. Plaintiff responded to that notice, questioning whether the State provided an accurate last known address for Defendant Martinez. *See* Docket No. 27 at 5. In particular, Plaintiff questioned whether service was attempted at the previously-identified last known address, or at the newly discovered forwarding address. *Id.* at 4. The Court ordered the State to file under seal a notice indicating which address was used, and that address provided was indeed the more recent forwarding address. *Compare* Docket No. 34 *with* Docket No. 18. Plaintiff's most recent filing does not identify an additional address at which to attempt service and does not propose any alternative manner to complete service. *See* Docket No. 27.

The Court recently outlined the procedures and responsibilities attendant to effectuating service in a prisoner civil rights case in which the plaintiff is proceeding *in forma pauperis*:

> In cases involving a plaintiff proceeding *in forma pauperis*, service on the defendant may be effectuated by the United States Marshal. Nonetheless, it is ultimately the plaintiff's responsibility to obtain

1

> an address at which the defendant may be served by the Marshal. Moreover, when the Marshal is not able to effectuate service based on the information provided, the plaintiff must seek further relief to remedy that situation. . . . [I]t is [the plaintiff's] responsibility once the initial service attempt proved unsuccessful to file a motion identifying the unserved Defendant(s) and specifying a more detailed name and/or address for said Defendant(s), or whether some other manner of service should be attempted.

*Gibbs v. Fey*, 2017 WL 8131473, at *3 (D. Nev. Nov. 14, 2017) (internal citations and quotations omitted), *adopted*, 2018 WL 1157544 (D. Nev. Mar. 2, 2018).

Given the current procedural posture, <u>Plaintiff must file a motion specifying a more detailed name and/or address to serve Defendant Martinez, or specifying some other manner of service that should be attempted. Such motion must be filed by **August 27, 2018**</u>. If that motion is not filed or if a filed motion does not provide a feasible means by which service can be completed, the undersigned will recommend that this case be dismissed for failure to effectuate service. *See* Fed. R. Civ. P. 4(m); *see also Gibbs*, 2017 WL 8131473, at *4.

IT IS SO ORDERED.

Dated: July 27, 2018

_____
Nancy J. Koppe
United States Magistrate Judge