# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

MATTHEW J. SILVA,

    Plaintiff(s),

v.

STATE OF NEVADA, et al.,

    Defendant(s).

Case No.: 2:16-cv-00348-RFB-NJK

**REPORT AND RECOMMENDATION**

This matter is before the Court on the lack of service on Defendant Martinez. *See* Docket No. 37. The Court recently outlined the procedures and responsibilities attendant to effectuating service in a prisoner civil rights case in which the plaintiff is proceeding *in forma pauperis*:

> In cases involving a plaintiff proceeding *in forma pauperis*, service on the defendant may be effectuated by the United States Marshal. Nonetheless, it is ultimately the plaintiff's responsibility to obtain an address at which the defendant may be served by the Marshal. Moreover, when the Marshal is not able to effectuate service based on the information provided, the plaintiff must seek further relief to remedy that situation. . . . [I]t is [the plaintiff's] responsibility once the initial service attempt proved unsuccessful to file a motion identifying the unserved Defendant(s) and specifying a more detailed name and/or address for said Defendant(s), or whether some other manner of service should be attempted.

*Gibbs v. Fey*, 2017 WL 8131473, at *3 (D. Nev. Nov. 14, 2017) (internal citations and quotations omitted), *adopted*, 2018 WL 1157544 (D. Nev. Mar. 2, 2018).

This same procedure has been specifically identified to Plaintiff in this case. Docket No. 37. Given the inability to serve Defendant Martinez to date, the Court expressly ordered Plaintiff

to file "a motion specifying a more detailed name and/or address to serve Defendant Martinez, or specifying some other manner of service that should be attempted. Such motion must be filed by **August 27, 2018**." *Id*. (emphasis in original). The Court warned that the failure to file that motion would result in a recommendation that this case be dismissed pursuant to Rule 4(m) of the Federal Rules of Civil Procedure. *Id.*; *see also Gibbs*, 2017 WL 8131473, at *4. To date, Plaintiff has not filed that motion.

In short, Plaintiff has had ample time and numerous opportunities to identify a means by which Defendant Martinez can be served, and he has not identified any such means. Moreover, Plaintiff was expressly warned that the failure to file a motion so specifying by August 27, 2018, would result in a recommendation of dismissal. Accordingly, the undersigned **RECOMMENDS** that this case should be **DISMISSED** as to Defendant Martinez for lack of service.

Dated: September 24, 2018

_____
Nancy J. Koppe
United States Magistrate Judge

## NOTICE

Pursuant to Local Rule IB 3-2 any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within (14) days after service of this Notice. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985), *reh'g denied*, 474 U.S. 1111 (1986). The Ninth Circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).